CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 19 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SHARON R. TURNER, | ) | CASE NO. 5:04CV00068 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 26, 2002 claim for supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 *et seq.* is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, a Law Judge found that plaintiff, who was 48 years old with a tenth grade education at the time, had not

1

engaged in gainful activity since her alleged date of disability, September 1, 1999. (R.13, 21.) While the Law Judge further found that plaintiff suffered severe impairments of asthma and fibromyalgia associated with degenerative osteoarthritis, he did not believe that her impairments were severe enough to meet or equal any listed impairment. He further found that plaintiff's allegations about the limiting effects of her maladies were not totally credible, and that she retained the functional capacity to perform sedentary work with certain environmental limitations. (R. 21)[1] Finding that plaintiff had no past relevant work, and by application of the Medical-Vocational Guidelines to her exertional limitations and some of the evidence adduced from a vocational expert (VE), the Law Judge found that jobs were available and that plaintiff was not disabled under the Act. (R. 22.)

The Appeals Council found that neither the record nor the reasons the plaintiff advanced on appeal provided a basis to review the Law Judge's decision. (R. 5-7.) Accordingly, it denied review and adopted the Law Judge's decision as the final agency decision. This action ensued.

The Commissioner is granted some latitude in resolving inconsistencies in evidence. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). However, whether substantial evidence supports the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See*, 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390; *Hancock v. Barnhart*,

---

[1] The Law Judge was of the view that plaintiff's complaints of pain were credible "in light of her well-documented treatment for diagnosed fibromyalgia as well as diagnostic tests demonstrating her degenerative joint disease from osteoarthritis." (R. 18.)

2

*supra.*; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

In the instant case, the Law Judge made a determination that plaintiff had proved a *prima facie* case of disability by proceeding to the final level of the sequential evaluation. Thus the burden was on the Commissioner to demonstrate there were jobs available to the plaintiff which burden she could discharge in this case only by the presentation of vocational evidence because clearly there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). A VE was called, and for the testimony of the VE to have been relevant, it was necessary for him to have considered all the evidence in the record material to plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, it could not be said that the Commissioner properly discharged her sequential burden.

In that connection, the Law Judge asked the VE to assume that plaintiff essentially could perform sedentary work which did not expose her to certain environmental hazards, such as dust, fumes and dangerous chemicals. (R. 201.) The VE identified certain jobs in response to that question, but revealed that no jobs would be available to a person with those limitations if the person could not go to work on a regular basis, could not work a full eight-hour day, five days per week and experienced "excruciating pain perhaps ....[missing] two or three days a month." (*Id.*) In addition, the VE acknowledged that if a person experienced the limitations presented in the record by plaintiff's treating doctor, no jobs would be available. (R. 202-203.)

In arriving at what he found to be plaintiff's residual functional capacity for sedentary work, the Law Judge considered plaintiff's daily activities as well as her ability to attend and "sit

3

for more than five minutes during the hearing" before him. (R. 19.) "Sit and squirm jurisprudence," that is, judging a claimant's credibility by the fact that he/she either has attended a consultative examination or appears at or sits through the administrative hearing without visible signs of distress, long since has been frowned upon in this Circuit. *See e.g. Jenkins v. Sullivan*, 906 F. 2d 107, 108 (4th Cir. 1990); *Lewis v. Bowen*, 823 F. 2d 813, 816-817 (4th Cir. 1987). Moreover, while the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms, including pain, and their effect on the claimant's ability to perform work-related activities, that authority is not boundless. See, e.g. 20 C.F.R. §§ 404.1529(3)(i) and 416.929(3)(i); *Gross v. Heckler*, 785 F. 2d 1163 (4th Cir. 1986). Daily activities must be vocationally relevant in that they must reveal an ability to perform work-related activity within the constraints and demands of the workplace. *See Miller v. Bowen*, 877 F.2d 60, 1989 WL 64121 (4th Cir. 1989)(UP).

Here, the only evidence of plaintiff's daily activities is found in her hearing testimony, and there is quite an attenuation between those activities and what reasonably would be expected of a vocational setting. Instead of contradicting the evidence provided by plaintiff's treating doctor regarding her residual functional capacity, plaintiff's daily activities actually support that treating source's views. (Compare R. 152-155 and 177-181with 192-195.) In addition, that plaintiff was observed sitting at the hearing for more than five minutes, whereas she testified that she normally is unable to sit for more than five minutes at any given time, cannot be used by the Commissioner to discredit the claimant's testimony.

The Law Judge's determination concerning plaintiff's residual capacity, therefore, was neither supported by the substantial evidence, namely daily activities, nor reached in a manner

consistent with extant decisional authority in this Circuit. Because the hypothetical facts presented to the VE were premised on those findings and conclusions, the undersigned cannot find that the Commissioner discharged her burden by the substantial evidence or in a manner consistent with law.

For these reasons, the undersigned RECOMMENDS that an order enter REVERSING the final decision, GRANTING judgment to the plaintiff and RECOMMITTING this case to the Commissioner solely for the purpose of calculating and paying benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

4/19/05
Date

5